# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2022

Lyle W. Cayce
Clerk

No. 21-60815
Summary Calendar

Mijanur Rahman Chowdhury,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 718 932

Before Richman, *Chief Judge*, and Duncan and Oldham, *Circuit Judges*.

Per Curiam:[*]

Mijanur Rahman Chowdhury petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from an order of the Immigration Judge (IJ) denying his application for asylum, withholding

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of removal, and protection under the Convention Against Torture (CAT). Chowdhury challenges the BIA's adverse credibility determination, which he contends was erroneously based on minor discrepancies, omissions, and translation errors in his parents' affidavits. We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA provided "specific and cogent reasons derived from the record" to support the adverse credibility finding. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Chowdhury has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in his case. *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009). Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Additionally, we lack jurisdiction over Chowdhury's unexhausted CAT claim. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction. Retained counsel's motion to withdraw is DENIED as unnecessary.